**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GLENDA BRUCE-THOMAS,

        Plaintiff,

v.                                                                              Case No. 6:14-cv-1194-Orl-37DAB

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on Hartford Life and Accident Insurance Company's Amended Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law (Doc. 32), filed January 6, 2015. Upon consideration, the Court finds that the Motion is due to be granted.

**BACKGROUND**

On August 18, 2012, Terry Thomas ("Insured") died due to an overdose of Oxycodone and Alprazolam. (*See* Doc. 32-1, pp. 40–41; Doc. 32-2, pp. 1–2.) At that time, Defendant Hartford Life and Accident Insurance Company ("Hartford") had in effect a life-insurance policy, which insured the life of Terry Thomas ("Policy"). (*See* Doc. 32-1, pp. 24–39.) Under the Policy, Plaintiff—the Insured's wife—would be entitled to death benefits if the Insured died from an "injury." (*See* Doc. 32-1, pp. 24–39; Doc. 32-2, p. 5.)

On November 8, 2012, Plaintiff submitted a "Proof of Loss-Accidental Death" claim form to Hartford in order to collect on the Policy. (*See* Doc. 32-2, p. 5.) Hartford denied Plaintiff's claim for death benefits. (*See id.* at 6–8.) It sent Plaintiff a letter explaining that the Insured's death "did not result from accidental injury independent of all other causes,

which is a required condition for benefits to become payable under the Policy" because his death was "due to combined toxicity of oxycodone and alprazolam, a complication of his prescribed treatment of his medical conditions." (*Id.* at 7.) Plaintiff appealed Hartford's decision but, after independent review, Hartford re-affirmed its denial of Plaintiff's claim. (*See id.* at 9–11.) In doing so, Hartford explained:

> Based upon our review, we find that Mr. Thomas' death occurred . . . with the immediate cause of death reported as combined toxicity of Oxycodone and Alprazolam . . . . [H]e was prescribed these medications for the treatment of a sickness or disease; specifically, chronic pain, cervical radiculopathy and anxiety. As his loss was the result of his use of medications that were prescribed for treatment of a sickness or disease; his loss is not the result of an Injury as defined by the Policy. Therefore we have concluded that no accidental death benefit is payable . . . .

(*Id.* at 11.)

On June 23, 2014, Plaintiff initiated the current action in state court to recover under the Policy. (Doc. 2.) Because suits brought "by a beneficiary to recover benefits from a covered plan" fall directly under § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), Hartford timely removed the action to federal court, asserting federal question jurisdiction. (*See* Doc. 1.)

On January 6, 2015, Hartford filed an Amended Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law. (*See* Doc. 32.) Plaintiff's response was due by February 9, 2015. (*See* Doc. 33, p. 2.) To date, Plaintiff has not responded. Thus, the Motion is deemed unopposed, and the Court takes it under advisement.[1] *See* Local Rule 3.01(b).

---

[1]The "mere fact" that a motion for summary judgment is unopposed is an insufficient basis for "entry of summary judgment." *See Jacoby v. Baldwin Cnty.*,

2

**STANDARDS**

**I.     Summary Judgment**

The Court may resolve a claim or defense by entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must support its assertions "that a fact cannot be" genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If the movant "fails to properly support an assertion of fact . . . the court may": (1) afford the movant an "opportunity to properly support or address the fact"; (2) "grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to it"; or (3) "issue any other appropriate order." Fed. R. Civ. P. 56(e).

**II.    ERISA Standard of Review**

Review of Hartford's benefits decisions is governed by 29 U.S.C. § 1132(a)(1)(B). Plaintiff has the burden to prove her entitlement to benefits under the Policy. *See Wilson v. Walgreen Income Protection Plan for Pharmacists & Registered Nurses, Walgreen Co.*, 942 F. Supp. 2d 1213, 1247 (M.D. Fla. 2013). "ERISA itself provides no standard for courts reviewing the benefits decisions of plan administrators." *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011) (citing *Firestone Tire & Rubber Co. v.*

---

No. 13-12444, 2014 WL 7399079, at *3 (11th Cir. Dec. 31, 2014). The Court must always consider the merits of a motion for summary judgment. *See id.*; *see also Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004); Fed. R. Civ. P. 56(e)(3).

3

*Bruch*, 489 U.S. 101 (1989)). The Eleventh Circuit therefore established a multi-step framework to guide courts in reviewing an ERISA plan administrator's benefits decisions based on guidance from the Supreme Court in *Firestone* and *Metro. Life Ins. Co. v. Glenn*, 54 U.S. 105 (2008). In reviewing a plan administrator's benefits decision, the Court must do the following:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong"; if it is not, then end the inquiry and affirm the decision. (2) If the administrator's decision in fact is '*de novo* wrong,' then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision. (3) If the administrator's decision is '*de novo* wrong' and he was vested with discretion in reviewing claims, then determine whether 'reasonable' grounds supported it . . . . (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest. (5) If there is no conflict, then end the inquiry and affirm the decision. (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Blankenship*, 644 F.3d at 1355 (citation omitted); *see also Williams v. Bellsouth Telecomms., Inc.*, 373 F.3d 1132, 1137–38 (11th Cir. 2004), *overruled on other grounds by Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352 (11th Cir. 2008).

## DISCUSSION

Hartford argues that its denial of benefits was appropriate because the Insured's death was not caused by an "injury" and it is therefore not covered by the Policy. (*See* Doc. 32, pp. 6–8.) In support, it asserts that "the Policy unambiguously provides that the death benefit is payable only for death resulting from an 'Injury' as defined in the Policy." (*Id.*) The Court agrees.

The Policy provides that Hartford will pay 100 percent of the principal sum of the Policy if the Insured's death results from "Injury." (*See* Doc. 32-1, p. 36.) "Injury" is defined in the Policy as:

> bodily injury resulting directly from accident and independently of all other causes which occurs while the Covered Person is covered under the Policy. Loss resulting from: 1) sickness or disease . . . or b) *medical or surgical treatment* of a *sickness or disease*; is not considered as resulting from injury.

(*See* Doc. 32-1, p. 35 (emphasis added).) Accordingly, if an insured's death results from medical treatment of a sickness or disease, then his death is not a covered "injury" under the Policy.

"[M]edical treatment of a condition includes death caused by accidentally overdosing on a drug prescribed by a doctor for a medical condition." *Raymond v. Life Ins. Co. of N. Am.*, 924 F. Supp. 2d 1345, 1350 (S.D. Fla. 2010) ("[A] patient's . . . mistake in the administration of drugs medically prescribed to treat a condition or illness is not a 'covered loss' in an accidental death policy that contains an exclusion for treatment of a medical illness."). It is uncontested that the Insured died from an accidental overdose of medications, specifically Oxycodone and Alprazolam, prescribed by the Insured's doctor to treat his chronic pain, cervical radiculopathy, and anxiety. (*See* Doc. 32-1, pp. 40–41; Doc. 32-2, pp. 1–3.) Prescribing medications to alleviate or cure such conditions is deemed a medical treatment under Hartford's Policy. *See, e.g.*, *Cady v. Hartford Life & Accidental Ins. Co.*, 930 F. Supp. 2d 1216, 1228 (D. Idaho 2013) (concluding that a prescription of Alprazolam, also known as Zanax, to alleviate anxiety constituted medical treatment under Hartford's policy).

Further, the conditions for which the insured was prescribed medication—chronic

pain, cervical radiculopathy, and anxiety (*see* Doc 32-2, p. 3)—constitute a "sickness or disease." *See, e.g.*, *Raymond*, 924 F. Supp. 2d at 1352 (concluding that chronic pain constitutes a sickness or disease within the medical treatment exclusion); *Foote v. Chater*, 67 F.3d 1553, 1556 (11th Cir. 1995) (stating that cervical radiculopathy is a *disease* of the nerve roots). The Insured's overdose therefore falls within the "medical treatment of a sickness or a disease" exception to "injury" under the Policy.

Hartford, by examining the Policy (Doc. 32-1, pp. 24–39), Death Certificate (Doc. 32-2, pp. 1–2), and Autopsy and Toxicology Report (Doc. 32-1, pp. 40–46), conducted a sufficiently thorough investigation to justify its decision to deny benefits. There is no evidence in the record of any cause of death other than an overdose of medications, nor has Plaintiff provided any additional evidence to the contrary. Moreover, the language of the Policy and the undisputed facts, viewed in the light most favorable to Plaintiff, do not raise any genuine issues of material fact. Thus, after a *de novo* review, the Court cannot determine the benefits-denial decision is wrong and ends its inquiry, *see Blankenship*, 644 F. 3d at 1355; Plaintiff cannot recover under the Policy.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Amended Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law (Doc. 32) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of Defendant Hartford Life and Accident Insurance Company and against Plaintiff Glenda Bruce-Thomas and to **CLOSE** the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 20, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record